```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LIU YU,                                :

                    Plaintiff,    :    10 Civ. 5039 (LAK)(HBP)

     -against-                    :    REPORT AND
                                       RECOMMENDATION
JMACK ENERGY LLC, a corporation,  :
and, MARK CORNELL,
representative agent of           :
Jmack Energy LLC
                    Defendants.   :

----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE LEWIS A. KAPLAN, United States District Judge,

I.   Introduction

On December 8, 2010, the Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, referred this matter to me to conduct an inquest concerning plaintiff's damages against JMACK Energy LLC ("Jmack") and Mark Cornell.  The inquest was ordered as a result of Judge Kaplan's Order dated December 8, 2010 granting plaintiff's motion for a default judgment.

Pursuant to the Order of Reference, I issued a Scheduling Order on January 10, 2011 directing plaintiff to serve and file proposed findings of fact and conclusions of law, along with evidentiary materials supporting his claim for damages, by March 10, 2011.  My January 10, 2011 Scheduling Order further directed Jmack to submit responsive materials by April 11, 2011.  Specifically, my order provided:

> Defendants shall submit their response to Plaintiff's submission, if any, no later than April 11, 2011.  IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS, OR (2) FAIL TO CONTACT MY CHAMBERS BY JANUARY 20, 2010 AND REQUEST AN IN-COURT HEARING, IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

(Docket Item 13 at 1-2) (emphasis in original).

On or about March 10, 2011, plaintiff, through his counsel, filed Proposed Findings of Fact and Conclusions of Law (Docket Item 14).

A copy of my January 10, 2011 Scheduling Order was sent to Jmack and Cornell at the following addresses:

JMACK Energy LLC
209 Porter Pike
Bowling Green, Kentucky  42103

Mr. Mark A. Cornell
2341 Glasgow Road
Bowling Green, Kentucky  42101

The copy sent to Jmack Energy LLC was returned to me.  I received a letter from Mr. Cornell on April 1, 2011, in which he offers to fully perform the contract, but does not controvert either the default or plaintiff's Proposed Findings of Fact and Conclusions of Law.

Accordingly, on the basis of the complaint and the affidavit previously submitted by plaintiff and his counsel, I respectfully recommend that your Honor make the following findings of fact and conclusions of law and award plaintiff $135,000.00 in damages.

II.  Findings of Fact

1.  Plaintiff Liu Yu is a citizen of New York (Amended Complaint ("Am. Comp.")[1] ¶ 7).

---

[1]As a result of Jmack's default, all the allegations of the Amended Complaint, except as to the amount of damages, must be taken as true.  Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973); Robinson v. Sanctuary
(continued...)

2.   Defendant Jmack Energy LLC is a Kentucky Limited Liability Company with its principal place of business in Bowling Green, Kentucky (Am. Comp. ¶ 17).   Defendant Mark A. Cornell, the sole officer and registered agent of Jmack Energy LLC, resides at 2341 Glasgow Road, Bowling Green, KY 42101 (Am. Comp. ¶ 9).

3.   Defendants lease, drill and sell oil wells in the state of Kentucky and advertise their business on the internet, which is how plaintiff first found defendants (Am. Comp. ¶ 17).

4.   On or about August 31, 2008 plaintiff entered into a Purchase and Sale Agreement ("Agreement") with defendants (Am. Comp. ¶ 19).   Under the agreement, defendants agreed to sell, assign, transfer, convey and deliver three leases entitled the "Chase and Emmitt Leases," for a duration of one year, unless oil or gas was discovered, in which case the leases would be extended (Am. Comp. ¶ 20 and Exhibit B thereto).   In exchange for a $150,000 payment by plaintiff, defendants also agreed to drill a well on one of the leases conveyed to plaintiff (Am. Comp. ¶ 21 and Exhibit C thereto).   The parties further agreed that if the first well was dry, defendants would dig a second well (Am. Comp.

---

[1](...continued)
Record Groups, Ltd., 542 F. Supp. 2d 284, 289 (S.D.N.Y. 2008) (Marrero, D.J.); Wing v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995); Deshmukh v. Cook, 630 F. Supp. 956, 959 (S.D.N.Y. 1986) (Conner, D.J.).

¶ 23 and Exhibit C thereto).  In the event the second well was
dry, the defendants promised to return 80% of plaintiff's payment
of $150,000 (Am. Comp. ¶ 24 and Exhibit C thereto).

　　　　5.  On the same day the parties signed the Agreement,
the plaintiff paid $150,000 to the defendants (Affidavit of Liu
Yu and Exhibit A thereto).

　　　　6.  At some point between August 31, 2008 and November
30, 2009, Jmack dug the first oil well which turned out to be a
dry hole (Am. Comp. ¶ 28).  The defendants never began construc-
tion on a second oil well, and the Chase and Emmitt Leases
expired in August 2009 (Am. Comp. ¶ 28-29 and Exhibit B thereto).

　　　　7.  Defendants never returned any portion of plain-
tiff's $150,000 payment (Am. Comp. ¶ 30-31).  Plaintiff filed his
complaint seeking damages for breach of contract, fraud and
unjust enrichment on June 30, 2010 (Plaintiff's Original Com-
plaint).

III.  Conclusions of Law

　　A.  Jurisdiction, Venue and Choice of Law

　　　　8.  The court has subject matter jurisdiction pursuant
to 28 U.S.C. § 1331 because the plaintiff and defendants are
citizens of different states, to wit, New York and Kentucky.

9.  For purposes of diversity jurisdiction, a limited liability company has the citizenship of its members.  Jmack is a citizen of Kentucky because its sole officer and registered agent resides in Kentucky.

10.  Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in New York.  28 U.S.C. § 1391(a)(2).

11.  A federal trial court sitting in diversity jurisdiction must apply the law of the forum state, including the form state's choice-of-law rules.  Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941).

12.  Under New York law, absent fraud or violation of public policy, a court is to apply the law of the state selected in the contract as long as the state selected has sufficient contacts with the transaction.  Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000).  The contract between the parties contains a choice of law provision designating Kentucky law as controlling (Am. Comp. Ex. C, ¶ "Applicable Law").  Kentucky has sufficient contacts with the transaction between plaintiff and defendants because the leases conveyed are for Kentucky land and the performance promised by defendants was to take place in Kentucky.  I conclude, therefore, that the choice-of-law provision in the parties'

Agreement will apply.  See Fieger v. Pitney Bowes Credit Corp.,
251 F.3d 386, 393 (2d Cir. 2001) (where New York and Connecticut
law did not conflict, and there were no allegations of fraud, bad
faith or unfavorable public policy aspects to the choice-of-law
provision, court enforced contracts' choice of law provision).
Therefore, damages must be determined and awarded according to
Kentucky law.

   B.  Damages Resulting from Breach of Contract

      13.  Plaintiff seeks an award of $150,000, the contract
price and consideration tendered to the defendants on August 31,
2008 (Affidavit of Liu Yu and Exhibit A thereto).  Although
plaintiff does not explicitly state that he is seeking rescission
of the contract, I conclude that rescission is the relief plain-
tiff is, in fact, requesting.

      14.  The Agreement provided that if both the first and
second wells drilled by the defendants were dry, the defendants
would return 80% of the plaintiff's payment, or $120,000 (Am.
Comp. Ex. C, ¶ "Agreement of Sale and Purchase of Oil Well").
Thus it appears the parties allocated 20% of the contract price
as the value of the defendants' drilling two oil wells for
plaintiff.  Because the parties agreed that defendants should be
compensated in the amount of $15,000 for each dry well they

7

drilled and the defendants did in fact, drill one well, I con-
clude that the defendants should be permitted to retain $15,000
as the value of the dry well they drilled.  See generally
Schenk's Comm. v. Riedling, 171 S.W.2d 251, 252 (Ky. Ct. App.
1943)("In a suit by a vendor for rescission of an executed
conveyance, the general principle [is] that the parties should be
restored as nearly as practicable to the original status and that
the equities should be adjusted . . ."); Cannon v. Carr, 168
S.W.2d 21, 23 (Ky. Ct. App. 1943)("Upon a rescission of the oral
lease or conveyance there should be an adjustment of the
equities.").

     15.  Accordingly, I conclude that Mr. Yu is entitled to
rescind the contract and is also entitled to the return of 90% of
the sum he paid defendants, or $135,000.


     C.  Damages Resulting from Fraud
         and Unjust Enrichment


     16.  Under Kentucky law, a party alleging fraud must
establish six elements by clear and convincing evidence:  (1) a
material representation; (2) falsity; (3) that defendant knew the
statement was false when made or defendant made the statement
with reckless disregard for the truth; (4) that defendant made
the statement with the intent that plaintiff rely on the state-

ment; (5) reliance and (6) injury.  United Parcel Serv. Co. v. Rickert, 996 S.W.2d 464, 468 (Ky. 1999), citing Wahba v. Don Corlett Motors, Inc., 573 S.W.2d 357, 359 (Ky. Ct. App. 1978). Fraud may be committed either by intentionally asserting false information or by willfully failing to disclose the truth. United Parcel Serv. Co. v. Rickert, supra, 996 S.W.2d at 469; Chamberlain v. National Life & Accident Ins. Co., 76 S.W.2d 628, 631 (Ky. Ct. App. 1934).  Damages for a fraud action in Kentucky are measured by the "benefit of the bargain" rule, which gives the plaintiff what he bargained for in the transaction.  Dempsey v. Marshall, 344 S.W.2d 606, 607 (Ky. Ct. App. 1961).  To recover damages, plaintiff must offer evidence of the consideration he gave in bargaining and what the property would have been worth had it been as represented in the transaction.  Dempsey v. Marshall, supra, 344 S.W.2d at 606.

17.  While plaintiff has provided evidence that he gave $150,000 as payment to defendants, plaintiff has not provided any evidence of what the value of the consideration provided by defendants would have been if the defendants had performed according to the Agreement.  Because plaintiff has not provided the evidence necessary for me to make the proper damages determination, I cannot award the plaintiff damages for fraud.

18.   In order to prevail under the theory of unjust enrichment, Kentucky law requires proof of three elements:  (1) a benefit conferred upon defendants at plaintiff's expense; (2) a resulting appreciation of the benefit by defendants; and (3) inequitable retention of the benefit without payment for its value.  Jones v. Sparks, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009); see also Guarantee Electric Co. v. Big Rivers Electric Corp., 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

19.   While plaintiff has submitted evidence that plaintiff paid defendants $150,000, plaintiff has not submitted evidence of the value of the work performed by defendants. Without knowing the value of the benefit retained by defendants, nor the value of the benefit received by the plaintiff, I cannot award plaintiff damages for unjust enrichment.

D.   Attorney's Fees

20.   The second claim in the Amended Complaint seeks attorney's fees.  Under Kentucky law, attorney's fees may not be awarded unless there is a specific contractual provision allowing for recovery of attorney's fees agreed to by the parties, or a statute that provides for recovery of attorney's fees.  Aetna Cas. & Sur. Co. v. Com., 179 S.W.3d 830, 842 (Ky. 2005).  Because there is no provision in the Agreement regarding attorney's fees,

and no applicable statute, I do not recommend that attorney's
fees be awarded.

     E.  <u>Prejudgment Interest</u>

     21.  Plaintiff also seeks prejudgment interest from the
date of breach (Pl.'s Proposed Findings ¶ 18).  In Kentucky,
prejudgment interest "may be allowed as justice requires on the
amount that would have been just compensation had it been paid
when performance was due." <u>Wittmer v. Jones</u>, 864 S.W.2d 885, 891
(Ky. 1993), <u>quoting</u> <u>Nucor Corp. v. General Elec. Co.</u>, 812 S.W.2d
136, 144 (Ky. 1991).  I previously concluded that $135,000 is the
proper measure of compensation to the plaintiff, therefore, that
is the principal sum in which interest will be calculated.

     22.  Under Kentucky law, the allowance of interest on
an unliquidated claim rests in the discretion of the court.
<u>Brown v. Fulton, Hubbard & Hubbard</u>, 817 S.W.2d 899, 901 (Ky. Ct.
App. 1991), <u>citing</u> <u>Middleton v. Middleton</u>, 152 S.W.2d 266 (1941).
Kentucky Revised Statute 360.010 limits the rate of prejudgment
interest at 8% per annum, unless a higher rate of interest is
agreed to in writing.  <u>Brown v. Fulton, Hubbard & Hubbard</u>, <u>supra</u>,
817 S.W.2d at 902 <u>citing</u> <u>Borden v. Martin</u>, 765 S.W.2d 34 (Ky. Ct.
App. 1989).  Since no higher rate was agreed to in this case, I

conclude that prejudgment interest should be awarded at the rate
of 8%.

23.  Since the Chase and Emmett leases expired at the
latest on August 30, 2009, I conclude that interest began to
accrue on August 31, 2009 (Am. Comp. ¶ 28-29 and Exhibit B
thereto).  From August 31, 2009 to the date of this report, the
accrued simple interest is $20,771.51 and interest will accrue at
$29.59 per day until judgment is entered.

IV.  Conclusion

For all the foregoing reasons, I recommend that judg-
ment be entered in favor of plaintiff against both defendants in
the amount of $155,771.51 plus $29.59 per day until judgment is
rendered.

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Lewis A. Kaplan, United States District Judge, 500 Pearl Street,

Room 1310, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Kaplan.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        August 3, 2011

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Jennifer M. Addonizio
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007

JMACK Energy LLC
209 Porter Pike
Bowling Green, Kentucky  42103


                              13

Mr. Mark A. Cornell
2341 Glasgow Road
Bowling Green, Kentucky   42101